UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRAVIS ROLLINS,

    Petitioner,

v.     Case No. 6:13-cv-374-Orl-31DAB
      (6:11-cr-204-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Travis Rollins.  The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions.

Petitioner alleges one claim for relief, counsel rendered ineffective assistance by failing to file a notice of appeal upon his request or by failing to consult him about filing an appeal. On June 3, 2013, the Court ordered an evidentiary hearing on Petitioner's claim. (Doc. No. 6.)  On July 30, 2013, the evidentiary hearing was conducted.  As discussed hereinafter, Petitioner's § 2255 motion is denied.

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted).  In such a case, prejudice is presumed, and the petitioner is entitled to a new appeal without showing that his appeal

would likely have merit. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969) (finding that a defendant who instructed counsel to perfect an appeal thereby objectively indicated his intent to appeal and was entitled to a new appeal upon counsel's failure to perfect an appeal without any further showing).

In addition to the duty to file a requested appeal, counsel must consult with a client about an appeal when either: (1) any rational defendant would want to appeal; or (2) the client reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If a duty to consult exists, counsel must fulfill that duty by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478; *see also Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) (noting "even if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal."). If counsel fails to satisfy the duty to consult, a petitioner is entitled to an out-of-time appeal only if he establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, Petitioner testified that immediately after the Court sentenced

him, he told his attorney, Cynthia Hawkins ("Hawkins"), he wanted to appeal and asked her to speak with him about filing an appeal. Petitioner said that Hawkins did not meet with him after he was sentenced at either the holding cell or at the jail. Petitioner testified that he had his aunt contact Hawkins after he was sentenced to arrange for her to meet with him at the jail. Petitioner further indicated that he told his aunt to tell Hawkins to file a notice of appeal in the event Hawkins was unable to come to the jail.

Hawkins testified that throughout the criminal proceeding, she advised Petitioner about his appeal options. Hawkins stated that she told Petitioner prior to his entry of the plea that he would be waiving any issue concerning the denial of his motion to suppress by entering the plea. Hawkins indicated that she sought a variance from the sentencing guidelines, which the Court granted, resulting in a reduced sentence.

In contrast to Petitioner, Hawkins testified that after the sentencing hearing, she went to the holding area in the courthouse to discuss the sentence with Petitioner. She maintained that she told Petitioner at that time that he could appeal, but no meritorious grounds existed for an appeal based on his plea of guilty and the sentence imposed. Hawkins also said that she advised Petitioner that an attorney would be appointed to represent him if he wished to appeal but she advised Petitioner against filing an appeal.

Hawkins testified that Petitioner agreed with her advice and said he did not want to file an appeal. Hawkins stated that Petitioner's aunt subsequently called her and asked her to visit Petitioner at the jail before he was transferred. Hawkins said that Petitioner's aunt did not indicate why Petitioner wanted to see her. According to Hawkins, she went

to the jail to visit Petitioner, however, he had already been transferred. Hawkins notified Petitioner's aunt of his transfer. Hawkins said that Petitioner never attempted to contact her thereafter.

Assessing the credibility of witnesses is reserved for the Court. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). After carefully considering the evidence and viewing the witnesses and their demeanor while testifying, the Court finds the testimony of Hawkins more credible than the testimony of Petitioner on this issue.

The Court concludes that counsel spoke with Petitioner after the sentencing hearing regarding an appeal and advised Petitioner of the pros and cons of filing an appeal. The Court further finds that Petitioner never told Hawkins to appeal. In sum, Petitioner has neither established that counsel was deficient nor has he demonstrated that he was prejudiced as a result of counsel's performance. Accordingly, Petitioner's claim is denied.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-204-Orl-31DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 46) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[1] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of August, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 8/1
Counsel of Record

---

[1] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.