UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRAVIS ROLLINS,

    Petitioner,

v.
                                                 Case No. 6:13-cv-374-Orl-31DAB
                                                 (6:11-cr-204-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

Petitioner has filed a Motion for Reconsideration (Doc. No. 19) of the Court's Order Denying Petitioner's 28 U.S.C. § 2255 Motion. In support of the motion, Petitioner contends for the first time that his attorney *improperly advised* him that he did not have any meritorious issues to appeal.[1]

Petitioner raised one claim in his § 2255 motion, that counsel rendered ineffective assistance by failing to file a notice of appeal upon his request or by failing to consult him about filing an appeal. The Court conducted an evidentiary hearing on the claim and subsequently denied relief, concluding that counsel advised Petitioner of the pros and cons of filing an appeal and Petitioner never requested counsel to file an appeal. (Doc. No. 13 at 4.) Petitioner now argues that his attorney's advice regarding an appeal was improper because his sentence was erroneously calculated, and the matter should have been

---

[1]Petitioner argues that his offense level was improperly increased four levels under § 2K2.1(b)(6), which resulted in his guideline range being 117 to 131 months versus the proper range of 97 to 106 months. (Doc. No. 19.) The Court makes no determination as to the merits of Petitioner's argument.

appealed.

Petitioner maintains that the instant motion is not a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.[2]  In support of this position, Petitioner maintains that his motion for reconsideration was filed within the time for filing an appeal and thus he is not seeking to reopen an already concluded § 2255 proceeding. (Doc. No. 24 at 1-2.)  The problem with Petitioner's argument, however, is that Judgment was entered in this case on August 2, 2013.  (Doc. No. 14.)  Thus, if Petitioner's motion, filed on September 26, 2013, is not filed pursuant to Rule 60(b), the Court is not aware of, nor has Petitioner cited, any other statutory basis allowing this Court to consider the motion or grant the relief requested.  The Court concludes, therefore, that it must consider Petitioner's Motion for Reconsideration pursuant to Rule 60(b).

Rule 60(b)(1)-(5) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005).  Rule 60(b)(6) also allows the reopening of a case when the petitioner shows "any other reason justifying relief."  Fed. R. Civ. P. 60(b)(6).  The Supreme Court of the United States has held:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.  § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to

---

[2]Petitioner does not indicate the statutory basis for his motion for reconsideration in either his motion or reply to the response to the motion for reconsideration.

2

> escape § 2244(b)(1)'s prohibition of claims "presented in a prior application,"
> § 2244(b)(2)(B) requires a more convincing factual showing than does Rule
> 60(b).

*Gonzalez*, 545 U.S. at 531. As such, the Court concluded that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538. However, "a motion that seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*" should be characterized as a successive petition. *Id.* at 532 (emphasis in original). The Eleventh Circuit Court of Appeals has determined that *Gonzalez's* "holding and rationale apply equally to § 2255 . . . ." *See United States v. Terrell,* 141 F. App'x 849, 851 (11th Cir. 2005).

The claim raised in the present motion, that counsel inaccurately advised Petitioner about filing an appeal, is merely an attempt to either assert a new claim or reassert a claim of error as to Petitioner's federal conviction. Under the circumstances, the present Rule 60(b) motion should be treated as a second or successive section 2255 motion. *See United States v. Lockhart,* 482 F. App'x 473, 474 (11th Cir. 2012) ("'Where, in a purported Rule 60(b) motion, a defendant challenges the validity of his conviction by seeking to add a new ground for relief or attacking a district court's previous resolution of a claim on the merits, the motion is properly construed as a second or successive 28 U.S.C. § 2255 motion.'"); *Gonzalez*, 545 U.S. at 530-31 (stating that a Rule 60(b)(2) motion premised on newly discovered evidence should be treated as a successive habeas petition); *see also Terrell*, 141 F. App'x at 851 (concluding that a Rule 60(b) motion, which asserted claims that were new

substantive claims and which had not been presented in the initial § 2255 motion, was properly treated as a successive § 2255 motion).

Before Petitioner will be permitted to file a second or successive § 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this motion will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive § 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a § 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is **ORDERED** as follows:

1. Petitioner's Motion for Reconsideration (Doc. No. 19) of the Court's Order Denying Petitioner's 28 U.S.C. § 2255 Motion is **DENIED** and this case is **DISMISSED** without prejudice to the right of Petitioner to move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the motion.

2. The **Clerk of the Court** is directed to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

3. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**DONE AND ORDERED** in Orlando, Florida this 30th day of October, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 10/30
Counsel of Record

5